# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GINA MOSTAFAIE,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF THE TREASURY,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0432-19-0480-I-1<br><br><br>DATE:  February 24, 2025 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Gina Mostafaie, Vienna, Virginia, pro se.

Gregg Avitabile, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 43 performance-based removal action.  For the reasons discussed below, we GRANT the appellant's petition for review.  We MODIFY the initial decision to clarify the legal standard applicable to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

appellant's claim of sex discrimination and retaliation for prior protected equal employment opportunity (EEO) activity and REMAND the matter to the Washington Regional Office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

Effective August 10, 2018, the agency removed the appellant from her position as a GS-12 Government Information Specialist under 5 U.S.C. chapter 43 for unacceptable performance. Initial Appeal File (IAF), Tab 4 at 101, Tab 13 at 4-11. Specifically, the agency charged that the appellant had failed to achieve minimally acceptable performance in two critical elements of her position and that she had failed to improve during a 90-day performance improvement plan (PIP). IAF, Tab 5 at 4-10, Tab 7 at 4-10, Tab 13 at 4-11.

Following the issuance of the agency's decision to remove her, IAF, Tab 13 at 4, the appellant filed a formal EEO complaint alleging that her removal was based on (1) discrimination (age, sex, and national origin); and (2) reprisal for prior protected EEO activity, IAF, Tab 1 at 11. The agency issued a final agency decision on April 2, 2019 finding no discrimination. *Id.* at 11-18.

The appellant filed an appeal of the agency's removal action to the Board and requested a hearing on the matter.[2] *Id.* at 1. She raised the affirmative defenses of sex-based discrimination and reprisal for protected EEO activity. IAF, Tab 1 at 2, 4, Tab 63 at 2. Following a hearing on the matter, the administrative judge issued an initial decision finding that the agency proved the merits of its performance-based removal action by substantial evidence and sustaining the appellant's removal. IAF, Tab 66, Initial Decision (ID) at 27, 35. In so doing, the administrative judge explained that the appellant had not disputed that the agency's

---

[2] With her initial appeal form, the appellant provided an undated and unsigned "CONFIDENTIAL SETTLEMENT AGREEMENT," the relevance of which was unclear. IAF, Tab 1 at 7-10.

performance appraisal system had been approved by the Office of Personnel Management (OPM). ID at 3 n.4, 4. He also concluded that the agency's performance standards were valid, ID at 4-9, that the agency had communicated the performance standards to the appellant, ID at 10-16, that the appellant was given a reasonable opportunity to demonstrate acceptable performance, ID at 16-25, and that the appellant had failed to demonstrate acceptable performance, ID at 26-27. He also found that the appellant did not prove her affirmative defenses of sex discrimination and retaliation for protected EEO activity by preponderant evidence.[3] ID at 27-34.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. She alleges that: (1) the agency failed to provide her with adequate formal performance reviews; (2) the agency's performance standards were invalid; and (3) the agency failed to show that her performance was unacceptable in at least one critical element. PFR File, Tab 1 at 5. She also provides additional documents. *Id.* at 8-59. The agency filed a reply. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved that the appellant's performance was unacceptable under the legal standard for chapter 43 actions at the time the initial decision was issued.</u>

At the time the initial decision was issued, to prevail in an appeal of a performance-based removal under chapter 43, the agency was required to prove by substantial evidence[4] that: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's

---

[3] As noted below, the administrative judge also ostensibly considered whether the agency's action was based on age discrimination, which was not at issue in the appellant's Board appeal. IAF, Tab 63 at 2; ID at 27, 32.

[4] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id.*

performance standards are valid under 5 U.S.C. § 4302(b)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in at least one critical element. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

On review, the appellant does not challenge the administrative judge's findings that the agency met its burden of proving elements one, two, and four, and we find no reason to disturb these findings. *See* PFR File, Tab 1. However, the appellant disputes the administrative judge's findings pertaining to element three, alleging that the agency's performance standards were flawed and that neither of the critical elements at issue, i.e., critical elements 1 and 6, contained clear standards or measurable goals as required. PFR File, Tab 1 at 5.

Section 4302(b)(1) requires that performance standards, to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria related to the job in question. *Lee*, 115 M.S.P.R. 533, ¶ 29. Standards must be reasonable, realistic, attainable, and clearly stated in writing. *Id.* Provided these requirements are met, however, the Board will defer to managerial discretion in determining what agency employees must do to perform acceptably in their positions. *Id.*

Here, we agree with the administrative judge that the agency's performance standards were clearly stated, objective, and valid. IAF, Tab 4 at 102-13; ID at 4-9; *see Lee*, 115 M.S.P.R. 533, ¶ 29. The appellant's assertions amount to mere disagreement with the administrative judge's factual findings and legal conclusions therefrom and do not warrant a different outcome. *See Riggsbee v. Office of Personnel Management*, 111 M.S.P.R. 129, ¶ 11 (2009) (explaining that an appellant's mere disagreement with the administrative judge's explained factual findings and legal conclusions therefrom does not provide a basis to disturb the initial decision).

The appellant also raises element five in her petition for review and asserts that the agency failed to prove that her performance was unacceptable in at least one critical element. PFR File, Tab 1 at 5. To this end, she states that the administrative judge "misinterpreted the Performance and Results Act of 1993 (GPRA)." *Id.* However, we see no reason to disturb the administrative judge's conclusion that the agency proved by substantial evidence that the appellant did not demonstrate acceptable performance in two critical elements of her position. ID at 26-27. The administrative judge considered the relevant documentary and testimonial evidence, including the agency's detailed notice of proposed removal. IAF, Tab 7 at 4-10; ID at 26-27; *see Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 24 (2013) (explaining that a proposal notice can constitute valid proof of the agency's charges when the notice sets forth in detail an employee's errors and the deficiencies are corroborated by other evidence). Furthermore, the Government Performance and Results Act of 1993, Pub. L. 103-62, 107 Stat. 285 (codified in sections of Titles 5, 31, and 39 of the U.S. Code) relates to broad performance goals for the Federal government and Federal agencies rather than individual Federal employees, and thus the appellant's reliance on the same is unavailing. PFR File, Tab 1 at 5; *see, e.g.,* 31 U.S.C. § 1115.[5]

---

[5] With her petition for review, the appellant submits a copy of the agency's decision letter and the administrative judge's initial decision; however, these documents were part of the record before the administrative judge and do not constitute new evidence. PFR File, Tab 1 at 9-59; *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new). The appellant also provides for the first time a copy of a Standard Form 50 (SF-50) dated March 4, 2018, which reflects her receipt of a within-grade increase (WIGI), and indicates that she was performing at an acceptable level of competence. PFR File, Tab 1 at 8. However, the appellant does not explain why she was unable to provide this document that predates the initial decision to the administrative judge, and we find that the document does not warrant a different outcome. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board generally will not grant a petition for review

The appellant did not prove harmful procedural error.

On review, the appellant also reasserts that the agency failed to provide her with a formal mid-year review and that it improperly placed her on a PIP "without any rating of record." PFR File, Tab 1 at 5. She contends that these alleged failures amounted to harmful procedural errors insofar as the agency violated its own policies and failed "to follow OPM's . . . procedures."[6] *Id.*

Pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." A procedural error is harmful where the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015); 5 C.F.R. § 1201.4(r). An appellant bears the burden of proving, by preponderant evidence, that the agency committed harmful error in reaching its decision. *Pumphrey*, 122 M.S.P.R. 186, ¶ 10.

Here, we are not persuaded by the appellant's claim of harmful procedural error. Although the appellant made allegations before the administrative judge regarding the agency's purported failures to review her performance,[7] she did not specifically raise a claim of harmful procedural error. IAF, Tab 63 at 2; *see Banks*

---

based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). To the extent that the appellant provides this document to suggest that the agency failed to show that her performance was unacceptable in at least one critical element, her contention is unavailing insofar as the SF-50 was issued prior to the completion of her 90-day performance improvement plan. PFR File, Tab 1 at 5; IAF, Tab 5 at 4-10; *see* 5 C.F.R. § 531.404(a) (setting forth the circumstances under which employees receive WIGIs).

[6] To the extent that the appellant is alleging that OPM did not approve the agency's performance appraisal system, PFR File, Tab 1 at 5, we find that the agency provided an October 6, 2015 letter indicating that OPM had approved its performance appraisal plan, IAF, Tab 4 at 119.

[7] As set forth in the initial decision, the appellant argued that the agency's alleged failure to conduct reviews evinced that the agency had failed to notify her that her performance was unacceptable. ID at 13-14. She also contended that this purported failure prevented her from being able to file a grievance. ID at 14.

*v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

Furthermore, we agree with the administrative judge that the appellant received a sufficient mid-year review. ID at 10. The record reflects that the appellant transferred to the agency from another Federal position effective October 2, 2016, IAF, Tab 4 at 24, and that she received a copy of her performance standards on February 17, 2017, *id.* at 102. The administrative judge implicitly credited the testimony of the appellant's supervisor, who explained that he "conducted a mid-year performance review with the appellant during an in-person discussion" on June 21, 2017. ID at 10; *see Diggs v. Department of Housing and Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing).[8] This finding is substantiated by the written record. IAF, Tab 4 at 102. The appellant does not identify, and we are unable to locate, any agency or OPM policy mandating a higher degree of formality for a mid-year review. Therefore, the appellant has not identified any procedural error regarding her mid-year review, much less any error that would likely have caused the agency to reach a different conclusion. *See Pumphrey*, 122 M.S.P.R. 186, ¶ 10.

We also find no error in the agency placing the appellant on a PIP in lieu of formally reviewing her performance. In the initial decision, the administrative

---

[8] Although the administrative judge did not make any explicit demeanor-based credibility determinations in his initial decision, he heard live testimony, and his credibility determinations must be deemed to be at least implicitly based upon witness demeanor. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (stating that, even if demeanor is not explicitly discussed by an administrative judge, assessing a witness's credibility involves consideration of various factors, including demeanor); *see also Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009).

judge similarly implicitly credited the testimony of the agency's Director of Human Resources who explained that, if an employee was found to be performing unacceptably at the end of a rating year, then the employee's supervisor was instructed to place the employee on a PIP in lieu of providing a formal rating. ID at 15. Here, the record shows that the appellant's supervisor placed her on a PIP following the conclusion of fiscal year 2017, i.e., the rating year. IAF, Tab 5 at 4-10. The appellant does not adduce, and we are unable to locate, any authority that mandates a formal, written performance appraisal under these circumstances. Thus, she again does not identify any procedural error on the agency's part. *See Pumphrey*, 122 M.S.P.R. 186, ¶ 10.

<u>We modify the initial decision to supplement the administrative judge's analysis finding that the appellant did not prove her claims of sex discrimination and retaliation for protected EEO activity.</u>

In her petition for review, the appellant does not challenge the administrative judge's determination that she did not prove her affirmative defenses of sex discrimination and retaliation for protected EEO activity by preponderant evidence; however, we modify the initial decision to clarify the applicable legal standard.[9]

In analyzing the appellant's claim of sex-based discrimination, the administrative judge referenced the analytical framework set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25, which inquires whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. Despite correctly citing *Savage*, the administrative

---

[9] Although not raised by either party, the initial decision twice referenced age discrimination, which was not at issue in the appellant's Board appeal. IAF, Tab 63 at 2; ID at 27, 32. These typographical errors did not prejudice the appellant's substantive rights and therefore provide no basis for reversal of the initial decision. *See Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 12 n.1 (2009).

judge's findings did not specifically track that analytical framework, and he instead concluded, after summarizing relevant documentary and testimonial evidence, that the appellant had not presented preponderant evidence that the agency's action was based on her sex and that "the appellant failed to present evidence to show that the agency's action was false or a subterfuge designed to hide some improper motive." ID at 29-32. Nevertheless, we find that the administrative judge's conclusion is akin to finding that the appellant's sex was not a motivating factor in the agency's action. *See Savage*, 122 M.S.P.R. 612, ¶ 51.

Similarly, although the administrative judge informed the appellant of the correct burden of proof with respect to her affirmative defense of reprisal for protected EEO activity, i.e., filing a complaint alleging discrimination on the basis of age, sex, and national origin, IAF, Tab 63 at 3-4 (citing *Savage*, 122 M.S.P.R. 612, ¶ 51), he set forth an imprecise analytical framework for this claim. ID at 33 (citing *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988)). However, insofar as the administrative judge concluded, based on credibility determinations, that neither the proposing official nor the deciding official considered the appellant's EEO activity, we find that he implicitly found that the appellant's EEO activity was not a motivating factor in the agency's decision to remove her. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *see also Savage*, 122 M.S.P.R. 612, ¶ 51. Because we agree with the conclusion that the appellant did not show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decision. *See Pridgen*, ¶ 22.

Remand under *Santos* is required.

As discussed above, in affirming the agency's performance-based removal action, the administrative judge correctly applied the Board's precedent setting forth the relevant legal standard for actions under chapter 43 at the time he issued his initial decision. ID at 2-27. Subsequent to the initial decision, however, the Federal Circuit held for the first time that, to support an adverse action under chapter 43, an agency "must justify institution of a PIP" by showing that the employee's performance was unacceptable before the PIP. *Santos*, 990 F.3d at 1360-61. Therefore, to defend an action under chapter 43, an agency must now also prove by substantial evidence that the appellant's performance during the appraisal period prior to the PIP was unacceptable in one or more critical elements. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Id.*, ¶ 16. The parties here did not have an opportunity before the administrative judge to address the modified legal standard in light of *Santos*. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee*, 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate in the remand initial decision his prior findings on the other elements of the agency's case and the appellant's affirmative defenses, consistent with this Remand Order.

However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, he should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: 

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.